IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUKEN WASHINGTON GORDON,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-05-1856 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **MICHAEL V. PUGH,** *et al.*, | : | |
| | : | |
| Defendants | : | |

**M E M O R A N D U M**

I.  **Introduction**

Plaintiff, Juken Washington Gordon, an inmate at the Federal Corrections Center in Ray Brook, New York, commenced this action *pro se* by filing a complaint alleging a *Bivens*[1] civil rights claim as well as a claim under the Federal Tort Claims Act[2] ("FTCA") (Doc. 1). Plaintiff alleges that while he was previously incarcerated at the Allenwood United States Penitentiary ("USP-Allenwood") in White Deer, Pennsylvania, he received inadequate medical care for his serious medical needs

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] 28 U.S.C. § 2671, *et seq.*

(hepatitis). Pending before the court is Defendants' motion to dismiss Plaintiff's complaint or, in the alternative, for summary judgment (Doc. 22). The motion has been briefed and it is ripe for disposition. For the following reasons, Defendants' motion will be treated as a motion for summary judgment and will be granted.

## II.     Discussion

### A.     Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the facts alleged on the face plaintiff's complaint. If the court considers "matters outside the pleadings" when deciding a motion under Rule 12(b)(6), the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56" when the parties have had a "reasonable opportunity to present all material made pertinent to such a motion." Fed. R. Civ. P. 12(b). Here, the court is asked to consider supplemental documentation attached to Defendants' motion to dismiss. All parties have had a reasonable opportunity to address a motion for summary judgment under Rule 56 with respect to the timeliness challenge because Defendants moved for summary judgment as an alternative to moving for dismissal. Accordingly, the court will continue its analysis under the standard for summary judgment.

**B.    Summary Judgment Standard**

Defendants' motion for summary judgment is based upon, *inter alia*,[3] a contention that Plaintiff's claims are time-barred.  The Court agrees.  Under Federal Rule of Civil Procedure 56(c) , summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To preclude summary judgment, there must be a "genuine" issue of material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  "If the evidence is merely colorable, or is not

---

[3] In light of the court's disposition of the motion, Defendants' remaining arguments will not be addressed by the court.

significantly probative, summary judgment may be granted." *Id*. at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, the court's inquiry focuses on "whether *the evidence* presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added).

### C.    Statute of Limitations

As previously noted, Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations. The statute of limitations for a *Bivens* action is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred. *Howard v. Mendez*, 304 F. Supp. 2d 632, 635 (M.D. Pa. 2004) (citing *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988)); *King v. One Unknown Fed. Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (noting that the statute of limitations for a § 1983 action and a *Bivens* action are both governed by the state

4

statute of limitations for personal injury claims). Pennsylvania's applicable personal injury statute of limitations is two years. 42 Pa. Cons. Stat. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993). The statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the [civil rights] action." *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

Plaintiff avers that Defendants diagnosed him with hepatitis in 2002 while he was incarcerated at USP-Allenwood, and Defendants failed to notify him of the diagnosis and failed to treat his condition. However, a review of the record confirms that Plaintiff was aware of the diagnosis and he was complaining of the treatment no later than February 11, 2003, when he filed an inmate request to staff ("request to staff") (Doc. 29 at 28.) In the request to staff, Plaintiff states that he "was tested positive for Hepatitis B on 12-3-02 . . . [and] I am respectfully requesting [a regular ultrasound and blood test for cancer]." (*Id*.) Further, the record confirms that Plaintiff misunderstood his test results, and he was receiving the appropriate treatment for his condition at the time. Although Plaintiff's blood test was positive for hepatitis B core antibody ("HbcAb") (*see* Doc. 29 at 12), this "result only indicated a past exposure to hepatitis B [and there] was no evidence indicating the presence of an existing hepatitis B infection." (Doc. 24-2 at 5, ¶ 9.) This was

5

explained to Plaintiff by the clinical director, Dr. Chanmugam, on March 19, 2003. (*See* Doc. 24-2, Ex. A at 5.)

Therefore, a review of the record supports a conclusion that Plaintiff knew or had reason to know of the diagnosis and alleged mistreatment by March 19, 2003, when his blood test results were explained to him.  Plaintiff's complaint is dated September 8, 2005, and he did not file his complaint until September 14, 2005, nearly two and a half years later.  Accordingly, Plaintiff's *Bivens* claim is barred by Pennsylvania's controlling statute of limitations.

Similarly, Plaintiff's FTCA claim is also time-barred by the applicable statute of limitations.  Under the provisions of 28 U.S.C. § 2401(b), a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.  28 U.S.C. § 2401(b).  Thus, to file a timely FTCA claim, a Plaintiff must commence an administrative claim within two years of the date the claim accrues, and the claim in the district court must be commenced within six months of the date the administrative claim becomes final.  Plaintiff has failed to comply with the six-month requirement.  Plaintiff acknowledged receipt of the denial of his administrative claim on May 10, 2004.  (*See*

6

Doc. 24-3 at 88.)  Thus, by the time the instant complaint was filed on September 14, 2005, the six month statute of limitations had long since expired.

### III. Conclusion

Because Plaintiff failed to file his *Bivens* claim within two years of the date he knew or had reason to know of the claim, his action is barred by the statute of limitations.  Moreover, because Plaintiff failed to file his FTCA claim within six months of the date his administrative action was final, the FTCA claim is also time-barred.  Accordingly, Defendants' motion for summary judgment will be granted.  An appropriate order will issue.

                                                  s/Sylvia H. Rambo  
                                                  SYLVIA H. RAMBO  
                                                  United States District Judge

Dated: September 19, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUKEN WASHINGTON GORDON,** | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-1856** |
| v. | : | **(Judge Rambo)** |
| **MICHAEL V. PUGH,** *et al.*, | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion for summary judgment (Doc. 22) is **GRANTED**.

2) The Clerk of Court shall enter judgment in favor of Defendants and against the Plaintiff.

3) The Clerk of Court shall **CLOSE** this case.

4) Any appeal from this Order will be deemed frivolous, without good cause, and not taken in good faith.

                        s/Sylvia H. Rambo
                        SYLVIA H. RAMBO
                        United States District Judge

Dated: September 19, 2006.